J-S63005-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| ERNESTO FONTANEZ | : | |
| | : | |
| Appellant | : | No. 2428 EDA 2018 |

Appeal from the Judgment of Sentence Entered June 18, 2018
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s):  CP-51-CR-0005937-2016

BEFORE:   GANTMAN, P.J.E., MURRAY, J., and STRASSBURGER, J.[*]

MEMORANDUM BY GANTMAN, P.J.E.:               **FILED DECEMBER 18, 2019**

Appellant, Ernesto Fontanez, appeals from the judgment of sentence entered in the Philadelphia County Court of Common Pleas, following his bench trial convictions for conspiracy, simple assault, possessing instruments of crime ("PIC"), and theft by unlawful taking.[1]  For the following reasons, we grant counsel's petition to withdraw in favor of the appointment of new counsel and remand with instructions.

The relevant facts and procedural history of this case are as follows.  On April 9, 2018, the court convicted Appellant of conspiracy, simple assault, PIC, and theft by unlawful taking.  Appellant's convictions stem from an incident

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] 18 Pa.C.S.A. §§ 903; 2701(a)(1); 907; 3921(a), respectively.

on April 3, 2016, where Appellant and his cohorts strangled Victim, punched her in the face, threatened her at gunpoint, and took her cell phone and money. The court sentenced Appellant on June 18, 2018, to an aggregate term of 11½ to 23 months' imprisonment, plus 3 years' probation. On July 18, 2018, Appellant filed a *pro se* notice of appeal[2] but mistakenly filed it in the Supreme Court. The Supreme Court transferred the appeal to this Court on August 16, 2018. On August 20, 2018, the court ordered a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b) and served the Rule 1925(b) order on counsel of record. Counsel did not respond to the court's order. In its opinion, the trial court deemed any appellate issues waived for failure to comply with the court's Rule 1925(b) order.

As a preliminary matter, appellate counsel seeks to withdraw his representation pursuant to **Anders v. California**, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967) and **Commonwealth v. Santiago**, 602 Pa. 159, 978 A.2d 349 (2009). **Anders** and **Santiago** require counsel to: 1) petition the Court for leave to withdraw, certifying that after a thorough review of the

---

[2] Appellant was still represented by trial counsel at the time. The record does not indicate if the clerk of courts forwarded the notice of appeal to counsel in compliance with Pa.R.Crim.P. 576(A)(4) (explaining that in any case in which defendant is represented by attorney, if defendant submits for filing any *pro se* document, clerk of courts shall accept it for filing, time stamp it with date of receipt, and forward copy of time stamped document to defendant's counsel of record and attorney for Commonwealth).

record, counsel has concluded the issues to be raised are wholly frivolous; 2) file a brief referring to anything in the record that might arguably support the appeal; and 3) furnish a copy of the brief to the appellant and advise him of his right to obtain new counsel or file a *pro se* brief to raise any additional points the appellant deems worthy of review. *Santiago, supra* at 173-79, 978 A.2d at 358-61.

In *Santiago, supra*, our Supreme Court addressed the briefing requirements where court-appointed appellate counsel seeks to withdraw representation:

> Neither *Anders* nor *McClendon*[3] requires that counsel's brief provide an argument of any sort, let alone the type of argument that counsel develops in a merits brief. To repeat, what the brief must provide under *Anders* are references to anything in the record that might arguably support the appeal.
>
> \*   \*   \*
>
> … In his brief in the case [here], counsel identified the claims that his client asked for inclusion in the brief and cited to testimony from the trial that arguably supported those claims. Counsel did not, however, advert to his own review of the record or flag anything in the record that he himself saw as having some chance of prevailing on appeal, but which he ultimately rejected as frivolous. Nor did counsel state that there were no such references for him to make. Without one or the other, we are not assured, as *Anders* requires, that counsel fully performed his duty as [the appellant's] advocate to independently search the record as a trained advocate with an eye to uncovering appealable error, before concluding that [the appellant's] appeal was frivolous. Under *Anders*, the right to counsel is vindicated

---

[3] *Commonwealth v. McClendon*, 495 Pa. 467, 434 A.2d 1185 (1981).

by counsel's examination and assessment of the record and counsel's references to anything in the record that arguably supports the appeal. The universe of potential claims is not limited to those claims and testimony that counsel's unschooled client believes the court should consider. Therefore, we hold that the brief counsel presently submitted was insufficient.

*Santiago, supra* at 176-77, 978 A.2d at 359-60. Thus, the Court held:

[I]n the ***Anders*** brief that accompanies court-appointed counsel's petition to withdraw, counsel must: (1) provide a summary of the procedural history and facts, with citations to the record; (2) refer to anything in the record that counsel believes arguably supports the appeal; (3) set forth counsel's conclusion that the appeal is frivolous; and (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

*Id.* at 178-79, 978 A.2d at 361. "Ultimately, then, ***Anders*** does not involve a pointless formalism but, instead, a fruitful protocol, adherence to which not only facilitates an appellant's exercise of constitutional rights but also allows counsel to prove to this Court the appellant has been afforded those rights."

***Commonwealth v. Woods***, 939 A.2d 896, 899 (Pa.Super. 2007).

Instantly, counsel's ***Anders*** brief is woefully deficient. At the outset, counsel does not set forth any argument on Appellant's behalf. In the one-page "argument" section, counsel states he "will set forth the issue [A]ppellant believes might have arguable merit but which counsel believes is frivolous and discuss why counsel believes the issue is frivolous in accordance with *Santiago, supra*." (***Anders*** Brief at 6). Yet, counsel does not identify or discuss any issue. Counsel ends the "argument" paragraph by stating

Appellant has not communicated to counsel any specific grounds for appeal. Then, in the conclusion section of the brief, counsel suggests Appellant wanted to challenge the denial of a suppression motion.[4] (*See id.* at 6-7). The brief is internally inconsistent in this regard. Even if Appellant did not articulate a specific claim he wanted to pursue, counsel was still obligated to conduct an independent examination and assessment of the record and refer to anything of record that might arguably support the appeal. *See Santiago, supra*.

Further, counsel provides no reasons to support his conclusion that the appeal is frivolous. *See id.* Counsel cites the law from *Santiago* requiring him to state reasons for concluding why the appeal is frivolous and to articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous but simply fails to adhere to these legal principles. As well, in the absence of certain suppression-related documents from the certified record, we question how counsel could have fulfilled his duty to review the entire record for any non-frivolous issues. *See Commonwealth v. Flowers*, 113 A.3d 1246 (Pa.Super. 2015) (explaining counsel failed to assess whether any non-

---

[4] The record confirms Appellant filed an omnibus pre-trial motion on January 11, 2018, seeking suppression of evidence for lack of probable cause to support Appellant's arrest and dismissal of the charges under Pa.R.Crim.P. 600. The parties argued, and the court expressly denied, Appellant's Rule 600 motion immediately before trial. The certified record does not contain any transcript relative to suppression or the court's ruling on the suppression motion.

frivolous issues existed in connection with appellant's guilty plea absent transcript in record from guilty plea proceeding; holding counsel failed to fulfill his obligations under **Anders** where he did not review complete record).  Here, the brief does not demonstrate even the bare minimum of a conscientious review of the record or inspire confidence in counsel's conclusion the appeal is frivolous.  **See Woods, supra**.  The Commonwealth agrees the **Anders** brief is deficient and does not oppose a remand.

Additionally, the record makes clear the court served its Rule 1925(b) order on counsel, but counsel did not respond.  This failure ordinarily constitutes *per se* ineffectiveness and requires a remand.  **See** Pa.R.A.P. 1925(c)(3) (stating if appellant represented by counsel in criminal case was ordered to file concise statement and failed to do so or filed untimely statement such that appellate court is convinced that counsel has been *per se* ineffective, and trial court did not file opinion, then appellate court may remand for appointment of new counsel, filing of statement *nunc pro tunc*, and preparation and filing of opinion by judge); **Commonwealth v. Burton**, 973 A.2d 428 (Pa.Super. 2009) (*en banc*) (holding counsel's complete failure to file court-ordered Rule 1925(b) statement is *per se* ineffectiveness); **Commonwealth v. Scott**, 952 A.2d 1190 (Pa.Super. 2008) (recognizing amendment to Rule 1925 relaxed automatic waiver rule in criminal cases, stating counsel's complete failure to file court-ordered Rule 1925(b) statement is presumptively prejudicial).

In lieu of filing a Rule 1925(b) statement, counsel could have filed a statement of intent to file an **Anders** brief. **See** Pa.R.A.P. 1925(c)(4) (stating in criminal case, counsel may file of record and serve on judge statement of intent to file **Anders**/**Santiago** brief, in lieu of filing concise statement); Pa.R.A.P. 1925(c)(4), *Note* (explaining that even lawyers seeking to withdraw under **Anders**/**Santiago** are obligated to comply with appellate rules of procedure). The trial court, however, received nothing in response to its Rule 1925(b) order, so it deemed all appellate issues waived. Counsel's complete failure to respond to the court's Rule 1925(b) order constitutes *per se* ineffectiveness. **See Burton, supra**; **Scott, supra**. **See also Commonwealth v. McBride**, 957 A.2d 752 (Pa.Super. 2008) (explaining counsel's filing of **Anders** brief on appeal did not relieve counsel of obligation to file either Rule 1925(b) or Rule 1925(c)(4) statement; remanding for filing of Rule 1925(b) or Rule 1925(c)(4) statement *nunc pro tunc*, within 30 days).

Under these circumstances, we remand this case for the appointment of new appellate counsel within **10 days** of the filing date of this decision. New counsel must promptly review the entire record,[5] consult with Appellant about the issues he wants to raise on appeal, and file and serve a Rule 1925(b) or Rule 1925(c)(4) statement *nunc pro tunc* within **30 days** of counsel's

---

[5] New counsel must complete the certified record with any transcript from the court's hearing on the suppression motion and the court's suppression decision, so that counsel and this Court will have the entire record to review.

appointment. Upon proper filing and receipt of the concise statement *nunc pro tunc*, the trial court shall have **30 days** to prepare a supplemental opinion. After the court certifies its decision and returns the record to this Court, the Prothonotary shall establish a new briefing schedule and assign the appeal to the next available submit panel in the Eastern District. Accordingly, we remand the case with instructions.

Case remanded with instructions. Petition to withdraw as counsel granted in favor of the appointment of new counsel. Jurisdiction is retained.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/18/19